**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4228**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRONE DEVON UTLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:12-cr-00094-FL-1)

Submitted: November 21, 2017                    Decided: April 5, 2018

Before GREGORY, Chief Judge, and KING and DIAZ, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyron Devon Utley seeks to appeal his 88-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2012). His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erroneously applied a four-level Sentencing Guidelines enhancement for possession of the firearm in connection with another felony. The Government has filed a motion to dismiss the appeal on the grounds that this issue falls within the scope of Utley's waiver of appellate rights. We dismiss in part and affirm in part.

We review the validity of a defendant's waiver of appellate rights de novo. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *Id.* "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Utley knowingly and voluntarily waived his right to appeal his sentence, reserving only the right to appeal a sentence in excess of the Guidelines range established at sentencing, and to raise claims of prosecutorial misconduct or ineffective assistance of counsel. His claim that the district court erroneously calculated his

Guidelines range is barred by his appeal waiver. We therefore grant the Government's motion to dismiss in part and dismiss Utley's appeal of his sentence.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious, nonwaived issues for appeal. We therefore affirm Utley's conviction. This court requires that counsel inform Utley, in writing, of the right to petition the Supreme Court of the United States for further review. If Utley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Utley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*